THE HOME INSURANCE COMPANY v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

No. 54.

RAILROAD COMPANY — *Fire by Locomotive* — *Accident*. There is no liability on the part of a railroad company to pay to an insurance company the value of property which was destroyed by a fire set out by said railroad company, and which the insurance company was required to pay to the owner by virtue of a certain contract of insurance, when the fire is shown to have been accidental.

MEMORANDUM.— Error from Shawnee circuit court; J. B. JOHNSON, judge. Action by The Home Insurance Company against The Atchison, Topeka & Santa

Fe Railroad Company to recover $1,370 paid on a policy of fire insurance. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed September 9, 1896, states the material facts.

*E. F. Ware*, and *J. B. Larimer*, for plaintiff in error.

*A. A. Hurd*, *W. Littlefield*, and *O. J. Wood*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: One David R. Clements was the owner of a dwelling-house and other property located about 150 feet from the center of the railroad track of the Atchison, Topeka & Santa Fe railroad, near the city of Burlingame, Osage county. On March 24, 1890, this property was destroyed by a fire caused by the defendant in error in operating its railroad. The dwelling-house and its contents were at the time of the fire insured in the Home Insurance Company of New York in the sum of $1,370. On April 4, 1890, a duly authorized agent of the insurance company, adjusted the loss, and, in pursuance of a promise at that time made by the agent that a draft for the amount of the policy would be sent him, Clements signed a receipt on the back of the policy, and therein acknowledged the payment to him of $1,370, in full satisfaction of all claims against the company, and at the same time surrendered the policy to the agent. A draft for the stipulated amount was soon thereafter sent to Clements by the company from its office in Chicago. On April 8, 1890, and prior to the actual payment of the loss by the insurance company, and without its knowledge or consent, Clements compromised and settled with the railroad company for the

damages resulting from the fire, and received from it
$1,050, in full satisfaction of all demands against it.
The insurance company, claiming that the fire was
caused by the negligence of the railroad company, and
that the latter was, therefore, primarily liable for
payment of the damages sustained by Clements,
brought this action against the defendant in error to
recover the $1,370 so paid by it. The jury returned
special findings of fact and a general verdict in favor
of the defendant, and judgment was thereafter ren-
dered in favor of the railroad company. The insur-
ance company seeks a reversal of that judgment.

The record shows that the plaintiff challenged for
cause two talesmen who had been summoned as jurors,
upon the ground that they had been in the employ of
the railroad company for several years. These chal-
lenges were overruled by the trial court, and this ruling
with others is assigned for error. Neither of these
parties was in the employ of the railroad company at
the time the challenges were interposed, having been
discharged from the service several months prior
thereto, nor had either of them made application to
the defendant for reinstatement, and the record fails
to show that they were disqualified to sit as jurors at
the trial of this action. Counsel for plaintiff in error
complain that quite a number of the talesmen who
were summoned as jurors had formerly been employed
by the railroad company, or had relatives employed
by it, and contend that while the existence of such
facts would not be sufficient ground upon which to
base a challenge for cause, yet that, in the proper ex-
ercise of its discretion, the trial court should have ex-
cused such persons from sitting as jurors in an action
in which the railroad company was a party. While
this suggestion might have much force if presented to

a trial court under ordinary circumstances, yet it should be borne in mind that the general offices of the defendant in error as well as its principal shops were, and for many years prior thereto had been, located in the city of Topeka, Shawnee county, and that during all that period a very large number of persons had been employed by the defendant in said city, and that it would be 'an exceedingly difficult matter for an officer, without the exercise on his part of more than ordinary diligence, to summon 12 men in the city of Topeka, none of whom had ever been in the service of the railroad company or had relatives, either by affinity or consanguinity, who had not been or who were not then employed by the defendant in error. The alleged negligence of the railroad company which resulted in the loss under the policy occurred in Osage county, yet the plaintiff in error, while evidently cognizant of the existing conditions, elected to commence this action in Shawnee county, and for this reason ought not to be heard to complain of the action of the trial court in permitting former employees of the railroad company to be called as talesmen. From an examination of the record, we are unable to discover anything upon which a question could reasonably be based that any attempt was made, either by the officers of the court or by the defendant in error, to secure other than a fair and impartial jury to try this cause.

It further appears from the record that one of the jurors had two sons working for the defendant at the time of the trial. The plaintiff challenged this juror for cause, but the court overruled the challenge, and this ruling is also assigned for error. But no exception appears to have been saved to this ruling of the court.

The particular allegation of negligence charged against the defendant, as set up in the petition, is that

"Upon the said day, March 24, 1890, between the hours of 2 and 3 o'clock in the afternoon, an engine belonging to the defendant and engaged in pulling a passenger train going east passed along the defendant's track near the house of said Clements, and the said engine being constructed, and its spark-arrester being out of order, large quantities of sparks from the said engine were emitted, and they set fire to the said house of the said Clements and the house was burned to the ground. The said engine is believed by plaintiff to have been No. 642, and the plaintiff alleges that if the said engine had been properly constructed and in good and sufficient repair that the said sparks would not have been emitted nor the said property burned, and the plaintiff alleges that it was by reason of the gross negligence of the defendant in the operation of its line of railroad that the engine was in said condition, and was in such condition as to emit sparks as aforesaid, and caused the damage alleged."

Evidence was introduced by the defendant tending to disprove the allegation of the petition that the engine was faultily constructed or that its spark-arrester was out of order, and the jury made, among others, the following special findings of fact:

"10. Was the said property destroyed by fire originating from the operation of the defendant's railroad? Ans. Yes.

"11. Was the burning caused by fire originating from the defendant's locomotive? A. Yes.

"12. Was the said locomotive properly constructed and in good and sufficient repair, so far as it relates to the emission of sparks or fire? A. Yes.

"13. Did the locomotive emit burning sparks in unusual and dangerous quantities at the time and place of the fire? A. No."

"15. Was the railroad negligent as to the condition

of its engine immediately preceding the said fire and at the time thereof? A. No.

"16. Did the fire originate from the improper construction of its engine or from the faulty condition or want of repair of its engine? A. No."

Complaint is made of the action of the court in eliminating from interrogatory No. 16 the inquiry as to whether the fire originated from the negligent operation of the railroad; but we see no error in limiting the inquiry to the particular negligence charged in the petition, which is that the engine was faultily constructed and was not in good and sufficient repair. The plaintiff in error contends that there is no evidence to support the finding that the locomotive did not emit burning sparks in unusual or dangerous quantities at the time and place of the fire. The evidence is uncontradicted that property adjoining the defendant's right of way near Burlingame was frequently set on fire by sparks escaping from passing locomotive-engines. The evidence was clear that the wind was blowing very hard at the time of the fire, one witness testifying that it was " a great gale." We cannot say that this particular finding of the jury is unsupported by the evidence. As the engine was found by the jury to be in good condition and in proper repair, it necessarily follows that under the allegations of the petition no recovery could be had for any loss resulting from the escape of fire from the engine, it being purely accidental. The testimony of the agent of the railroad company was that he was not satisfied that the fire originated from the engine, or that the company was liable, but to avoid trouble he compromised the claim and paid Clements $1,050 on account of his loss, that being but little more than one-third of the amount which the agent testified

Clements demanded from the company. We do not think the fact that the railroad company compromised and settled what it believed to be a doubtful claim should be held conclusive as to its liability. It was not liable unless the fire resulted from its negligence. The special findings of the jury exonerated the railroad company from any liability. As under the findings of fact and under the general verdict no recovery could be had from the railroad company, many of the questions argued by counsel for plaintiff in error need not be considered.

The judgment will be affirmed.

All the Judges concurring.